IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN LOPEZ | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. **5:17-CV-1094** |
| | § | JURY DEMANDED |
| VS. | § | |
| | § | |
| | § | |
| MAX TRUCKING, LLC AND | § | |
| HAMZO ALIJAGIC | § | |
| Defendants | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES **JUAN LOPEZ**, Plaintiff, complaining of Defendants, **MAX TRUCKING, LLC** and **HAMZO ALIJAGIC**, and for cause of action would show as follows:

1. Plaintiff is a resident of Bell County, Texas.

2. Defendant, **MAX TRUCKING, LLC**, is a company organized and existing under the laws of the State of Michigan and, **upon information and belief**, all its members are residents and citizens of the State of Michigan, and not authorized to do business in the State of Texas.  Service of Defendant, **MAX TRUCKING, LLC**, may be had by issuing summons to its registered agent, **MARIO BANOZIC at 2865 Bransford SE, Kentwood, Michigan 49512.**

3. Defendant, **HAMZO ALIJAGIC** is a resident of Shelby Township, Michigan.  Service of Defendant, **HAMZO ALIJAGIC**, may be had by issuing summons to: **HAMZO ALIJAGIC at 14051 Lakeside Blvd., Shelby Township, Michigan 48315.**

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C., § 1332, based upon diversity of

citizenship and an amount in controversy exceeding seventy-five thousand dollars ($75,000.00). Venue is proper in this Court pursuant to 28 U.S.C., § 1391(b)(2).

6.     Alternatively, Plaintiff requests that the Court permit him additional time to conduct jurisdictional discovery as to the identity of the membership of **MAX TRUCKING, LLC** for purposes of determining whether it is in fact a citizen of the State of Michigan or some other state. Plaintiff has diligently researched and accessed the documents filed by this limited liability company with the Michigan Secretary of State but the filings do not show the identity of the membership of the limited liability company or its citizenship. Plaintiff believes that this information is not of public record and can only be obtained through jurisdictional discovery from the limited liability company named herein.

6      On January 13, 2017 at approximately 6:51 a.m., Plaintiff, **JUAN LOPEZ** was driving his 2010 Toyota Tundra pickup truck traveling southbound on IH-35 in Temple, Bell County, Texas. As Plaintiff travelled in this manner, he noticed that traffic ahead of him had slowed down due to traffic conditions. As a result, Plaintiff also slowed down as other vehicles ahead of him were slowing down and stopping. Defendant, **HAMZO ALIJAGIC,** while operating his eighteen-wheeler and tractor trailer failed to slow down and stop causing him to rear-end Plaintiff's vehicle. The rear impact of Plaintiff's vehicle by Defendant, **HAMZO ALIJAGIC,** caused a chain reaction causing Plaintiff's vehicle to crash into the rear of the vehicle in front of him which in turn caused that vehicle to crash into the rear of the vehicle in front of it. Plaintiff sustained serious permanent damages and injuries as a result and which are claimed herein.

8.     On the occasion in question, Defendant, **HAMZO ALIJAGIC**, was the employee and/or agent of Defendant, **MAX TRUCKING, LLC,** and was acting in the course and scope of his

employment and/or agency with Defendant, **MAX TRUCKING, LLC.** Defendant, **HAMZO ALIJAGIC,** was at all relevant times under the full and complete supervision, direction and control of the Defendant, **MAX TRUCKING, LLC.** At all times material to this lawsuit, Defendant, **MAX TRUCKING, LLC,** was a statutory employer of Defendant, **HAMZO ALIJAGIC,** under the Federal Motor Carrier Safety Regulations and the Texas Transportation Code. Moreover, the tractor and trailer driven by Defendant, **HAMZO ALIJAGIC,** was owned by or subject to control by Defendant, **MAX TRUCKING, LLC**, and all permits, federal and state certificates and licenses authorized and governing the use of the said tractor and trailer were issued to Defendant, **MAX TRUCKING, LLC**. Defendant, **MAX TRUCKING, LLC** is vicariously liable for the negligent acts and omissions of Defendant, **HAMZO ALIJAGIC,** which proximately caused the injuries and property damage to the Plaintiff.

9. Plaintiff would show that on the occasion in question, Defendant, **HAMZO ALIJAGIC**, committed the following acts and/or omissions, each of which was negligence and each of which was a proximate cause of the injuries and damages suffered by Plaintiff herein:

    (a) failing to maintain a proper lookout as an ordinary and prudent person would have done under the same or similar circumstances;

    (b) failing to control his speed;

    (c) failing to timely apply his brakes to avoid the collision in question;

    (d) failing to take the appropriate measures to avoid the collision in question;

    (e) failing to maintain a safe driving distance; and

    (f) driving the tractor and trailer at a speed greater than was reasonable and prudent under the circumstances, in violation of V.T.C.A., Transportation Code § 545.351, which constitutes negligence *per se.*

10. At all times relevant to the incident made the basis of this suit, Defendant, **HAMZO ALIJAGIC**, was an employee, agent, or representative of Defendant, **MAX TRUCKING, LLC**. Under the doctrine of *respondeat superior*, Defendant, **MAX TRUCKING, LLC,** is vicariously liable for Defendant **HAMZO ALIJAGIC's** conduct in causing this incident. It further appears that Defendant, **MAX TRUCKING, LLC**, may have been negligent in its entrustment of the tractor-trailer to Defendant, **HAMZO ALIJAGIC**, and the qualification, hiring, training, supervision, and retention of Defendant, **HAMZO ALIJAGIC**.

11. Defendant, **HAMZO ALIJAGIC**, is guilty of gross neglect and/or malice. On the occasion in question, said Defendant, while traveling at a much higher rate of speed than was reasonable under the circumstances, failed to apply his brakes to avoid the collision in question. Defendant, **HAMZO ALIJAGIC's,** actions involved an extreme degree of risk to Plaintiff and others at the time of the collision but nevertheless, Defendant, **HAMZO ALIJAGIC,** proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and others.

12. Defendant, **MAX TRUCKING, LLC,** had and exercised, the sole right to train and supervise the drivers of its commercial motor vehicles. Defendant, **MAX TRUCKING, LLC,** acting by and through its agents, servants and employees, were guilty of negligent acts and omissions including acts in violation of applicable laws, rules, ordinances and statutes, in connection with the training and supervision of Defendant, **HAMZO ALIJAGIC,** as a driver of its truck:

    (a) hiring and/or retaining Defendant, **HAMZO ALIJAGIC** whom it knew or should have known was a reckless or incompetent driver;

    (b) entrusting a tractor and trailer to Defendant, **HAMZO ALIJAGIC** whom it knew or

  should have known was a reckless or incompetent driver;

 (c) In failing to adequately train Defendant, **HAMZO ALIJAGIC**;

 (d) In failing to adequately supervise and monitoring Defendant, **HAMZO ALIJAGIC**; and

 (e) In failing to implement, maintain and enforce adequate safety management controls and procedures to prevent collisions such as this one from occurring.

13. One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant, **MAX TRUCKING, LLC,** constituted negligence and/or negligence *per se* and such negligence and/or negligence *per se* was a proximate cause of the occurrence and Plaintiff's injuries and damages.

14. As a direct result of the Defendants' negligence and other wrongful conduct above-described, Plaintiff, **JUAN LOPEZ** has suffered, sustained and incurred, and in reasonable probability will continue to suffer, sustain and incur in the future, the following injuries and damages:

 a. Physical pain and mental anguish sustained in the past;

 b. Physical pain and mental anguish that, in reasonable probability will be sustained in the future;

 c. Loss of earning capacity sustained in the past;

 d. Loss of earning capacity that, in reasonably probability will be sustained in the future;

 e. Disfigurement sustained in the past;

 f. Disfigurement that, in reasonable probability will be sustained in the future;

 g. Physical impairment sustained in the past;

 h. Physical impairment that, in reasonable probability will be sustained in the future;

 i. Medical care expenses incurred in the past;

    j.    Medical care expenses that, in reasonable probability will be incurred in the future;

    k.    Loss of wages in the past; and

    l.    Loss of wages that, in reasonable probability will be incurred in the future.

15.    Plaintiff hereby demands a trial by jury on all the issues contained herein or that may arise in the prosecution of this case.

16.    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be served with summons as required by law, and that, upon final hearing, Plaintiff has judgment of and from Defendants for all of Plaintiff's damages as previously specified, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with prejudgment interest at the maximum legal rate, post-judgment interest at the maximum legal rate, costs of court, exemplary damages, and any and all further relief to which Plaintiff may be justly entitled either at law or in equity.

    Respectfully submitted,

    FELIX GONZALEZ LAW FIRM, P.C.
    626 E. Quincy St.
    San Antonio, Texas 78215
    Tel:  (210) 298-6666
    Fax: (210) 298-6000
    Email: felix@felixgonzalezlaw.com

    By: /s/ Felix Gonzalez_____
    FELIX GONZALEZ
    Texas State Bar No.: 00793829

    *ATTORNEY-IN-CHARGE FOR PLAINTIFF*